## Fort Street and Elmwood R. R. Co. v. John Schneider.

*Contract, construction.* Under an ordinance of the city of Detroit, the complainants contracted "to pave their railway track (on a certain street) and two feet and four inches on either side thereof, at their own expense — if the city should pave said street cotemporaneously with the construction of complainants' railway." The city did so, and having assessed said complainants for the cost of the excavation, as well as the paving, of said portion of said street, it was held that under said ordinance and contract, the complainants were only liable to pay for their proportion of the paving.

*Heard November 9th. Decided November 10th.*

Appeal from the Wayne Circuit in Chancery.

The bill in this case was filed to restrain the defendant, as City Collector, from collecting a certain assessment made against the complainants, for the expenses of making certain excavations in Croghan street, in the city of Detroit, preparatory to paving the same, and prayed for an injunction.

The complainants were authorized by a city ordinance accepted by them, to construct a railway on Croghan street. By an amendment to that ordinance, also accepted by them, complainants were obligated as follows, to wit:

"If the city of Detroit pave Croghan street cotemporaneously with the laying of the track on said street, said Railway Company shall pave their track on said street, and two feet four inches on either side thereof, at their own expense."

This cotemporaneous paving, the city resolved to do, and did do. The assessment which was made against the complainants embraced an item for grading and excavating, as well as for paving said portion of said street; and the bill was filed to enjoin the collection of that portion of the tax which was for the grading and excavating.

The injunction was refused, and the cause was brought to this court by appeal.

RIPLEY v. DAVIS.

*C. I. Walker*, for complainant.

*Wm. Gray*, for defendant.

The Court held, that by the terms of said amended ordinance the obligation to pave, assumed by the complainants, did not include an obligation to excavate with reference to grade, but that the city was to provide for all the work preliminary to the actual paving, and that the injunction should have been granted.

The decree below was reversed, and a perpetual injunction granted in accordance with the prayer of the bill.